```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :    CRIMINAL ACTION
                              :    NO. 12-00549
     v.                       :
                              :
DAVID RAMOS                   :
                              :
                              :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                           January 22, 2021

**I.   INTRODUCTION**

Before the Court is David Ramos's pro se 28 U.S.C. § 2255 motion. Ramos seeks relief in light of the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). The Government opposes the motion. Ramos also seeks appointment of counsel pursuant to 18 U.S.C. § 3006A(c). Because Ramos cannot overcome procedural default, the Court will deny his § 2255 motion, as well as his request for appointment of counsel.

**II.  BACKGROUND**

On March 21, 2013, Ramos pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Court sentenced him to 180 months' imprisonment, followed by five years' supervised release. His estimated release date is June 29, 2025.

While Ramos filed a timely notice of appeal, he subsequently sought and received voluntary dismissal of the appeal. See United States v. Ramos, No. 13-3746 (3d Cir.).

At the time of his guilty plea, Ramos had three prior convictions for possession with intent to distribute a controlled substance. Each of these convictions was punishable by a year or more in prison:

    1. <u>2001 possession with intent to distribute conviction</u>: On November 29, 1999, Ramos was arrested for possession with intent to deliver cocaine (Case No. CP-51-CR-104531-2000). He was initially sentenced to 4 years' probation on May 29, 2001, but was then sentenced on December 20, 2002, to 11½ to 23 months' imprisonment for violating his probation based on his 2002 arrest and conviction for possession with intent to distribute (summarized below). According to Philadelphia Department of Prisons records, he served more than a year in prison on this conviction.

    2. <u>2002 possession with intent to distribute conviction</u>: On April 27, 2002, Ramos was arrested for possession with intent to deliver crack cocaine (Case No. CP-51-CR-510361-2002). On November 14, 2002, he was sentenced to 8 to 16 months' incarceration, followed by 3 years' probation on this charge. According to Philadelphia Department of Prisons records, he was incarcerated for more than a year on this conviction.

    3. <u>2010 possession with intent to distribute conviction</u>: On June 11, 2010, Ramos was arrested for possession with intent to deliver marijuana (Case No. CP-51-CR-10012-2010). He pled guilty and was sentenced to 5 to 23 months' imprisonment, followed by 3 years' probation. According to Philadelphia Department of Prisons records, he was incarcerated for more than a year

on this conviction.

See Presentence Investigation Report ("PSR") ¶¶ 33, 39, 43; see also Gov't's Resp. Opp'n Def.'s Mot. Vacate Sentence 2-3, Ex. A, ECF No. 57.

In 2019, the Supreme Court held in Rehaif v. United States, 139 S. Ct. 2191, 2194 (2019), that the knowledge element of § 922(g) "applies both to the defendant's conduct and to the defendant's status." Therefore, to convict a defendant, the Government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Id. (emphasis added).

Ramos now challenges his conviction in light of Rehaif. According to Ramos, "at no time was [he] informed that in order to be found guilty the government must prove that [he] knew he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." Def.'s Mot. Vacate Sentence 3, ECF No. 53. Therefore, he argues, his plea "was not knowingly and intelligently made, and in turn, violated the Due Process Clause under the Constitution and Fed. R. Crim. P. 11(b)(G)." Def.'s Resp. to Gov't's Opp'n 3, ECF No. 58.

Ramos's petition is timely, as he filed it within one year of the Rehaif decision. See 28 U.S.C. § 2255(f)(3).

**III. DISCUSSION**

    **A.**     **§ 2255 Motion**

Section 2255 permits relief where a defendant's "conviction and punishment are for an act that the law does not make criminal." Davis v. United States, 417 U.S. 333, 346 (1974). A court need not hold a hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Because Ramos did not previously raise the claim he now brings, that claim is procedurally defaulted. See United States v. Frady, 456 U.S. 152, 159 (1982). Accordingly, he may raise it here only by demonstrating (1) "either 'cause' and actual 'prejudice,'" or (2) "that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (quoting Murray v. Carrier, 477 U.S. 478, 484 (1986)). The Court will address these options in turn.

        1.     Cause and Actual Prejudice

Cause for a procedural default exists where a claim is "so novel that its legal basis is not reasonably available to counsel." Id.

Ramos cannot demonstrate cause. "In this circuit, arguments under Rehaif are not sufficiently novel in the § 2255 context, as '[t]he issue . . . was percolating in the courts for years.'" Unites States v. Vilella, No. 16-CR-285-2, 2020 WL 6136139, at

\*3 (E.D. Pa. Oct. 19, 2020) (alterations in original) (quoting United States v. Correa, No. CR 08-459, 2020 WL 5517466, at \*3 (E.D. Pa. Sept. 14, 2020)); see also United States v. McLean, No. CR 13-487-1, 2020 WL 7384898, at \*1 (E.D. Pa. Dec. 16, 2020) ("Here, it cannot be said that the question in Rehaif was novel where it was repeatedly litigated in circuit courts.").

Because Ramos cannot establish cause, the Court need not reach the issue of actual prejudice.

    2.   Actual Innocence

A defendant establishes actual innocence by showing that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). Here, the question is whether Ramos knew at the time he possessed the firearm that he had previously been convicted of a felony. He claims he did not. See Def.'s Mot. Vacate Sentence 3, ECF No. 53.

However, the available evidence prevents Ramos from showing that, more likely than not, no reasonable juror would have found that he knew of his status as a felon. First, Ramos was sentenced three times in state court to maximum terms of incarceration exceeding one year. PSR ¶¶ 33, 39, 43. Second, according to Philadelphia Department of Prisons records, he served more than one year in prison on all three of these sentences: 831 days on the 2001 conviction, 758 days on the 2002

conviction, and 580 days on the 2010 conviction. Gov't's Resp. Opp'n Def.'s Mot. Vacate Sentence Ex. A., ECF No. 57. Finally, Ramos was advised at the plea hearing in his 2010 state case that he was facing a ten-year maximum penalty as a result of his prior convictions. See PSR 19. Given these facts, Ramos would be unable to establish actual innocence.

Because Ramos can demonstrate neither cause nor actual innocence, he is unable to overcome procedural default. Accordingly, the Court will deny his § 2255 motion.

### B. Appointment of Counsel

18 U.S.C. § 3006A(a)(2)(B) permits the Court to appoint counsel for a financially eligible person seeking relief under § 2255 if the Court "determines that the interests of justice so require." Id. Because Ramos's claim lacks arguable merit, see supra Section III.A, the Court will deny his motion for appointment of counsel.

### IV. CONCLUSION

For the foregoing reasons, the Court will deny Ramos's § 2255 motion, as well as his request for appointment of counsel. An order consistent with this memorandum will issue.